UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CEDRIC SIMMONS

         Plaintiffs,       **VERIFIED COMPLAINT**

  -against-

THE CITY OF NEW YORK AND THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICERS
JOHN, JIM, AND JOE DOE AS POLICE OFFICERS
AND INDIVIDUALS

         Defendants.
-------------------------------------------------------------------X

  Plaintiff Cedric Simmons by his attorney Royce Russell of Emdin & Russell, LLP for their complaint allege as follows:

## NATURE OF CLAIMS

1) Plaintiff seek redress pursuant to 42 U.S.C. Section 1983 and 1988 et seg., for violation of rights secured by the First, Fourth, Sixth, Eighth Amendments and Due Process Clauses of the Fourteenth Amendment of the United States Constitution as well as Plaintiff's substantive rights to Due Process.

2) Plaintiff also seek redress under Article 1, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortuous conduct against Plaintiff by Defendants through Assault, Battery, Negligence, Abuse of Process/Authority, Excessive Force and Prima Facie Tort.

3) Plaintiff seek damages, both compensatory and punitive, affirmative and equitable relief an award of costs, interest and attorney's fees and such other further relief as this court deems equitable and just.

4) Due to outrageous, intentional and/or negligent acts of Police Misconduct, the Plaintiff an innocent African-American male was shot numerous times about his body, and when requested medical treatment was told to "Shut the fuck up and wait." The Plaintiff was a lawful pedestrian walking in the vicinity of Lenox Avenue between 143rd and 144th streets, involved in no criminal activity, when shot numerous times by the Defendants.

5) The Defendants misconduct displayed a lack of care in the use of their weapons and/or performance and adherence to police procedures. The Defendants' shooting an innocent man was negligent and/or in violation of the Plaintiff's constitutional rights in that the Defendants actions were unreasonable, which resulted in the hospitalization of the

Plaintiff.

## JURISDICTION

6) This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201 and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a).

7) Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c). All material events described in this Complaint occurred in the City of New York, State of New York.

## JURY TRIAL DEMANDED

8) Plaintiff demand a trial by jury of claims pleaded herein.

## PARTIES

9) Plaintiff, Cedric Simmons, hereafter referred as "Cedric", is a United States citizen and resident of the City of New York, County of New York, and State of New York.

10) Defendant Police Officers John, Jim, and Joe Doe are all Police Officers employed by the City of New York, and New York Police Department and are still currently employed by said same.

11) All of the aforementioned Defendant Police Officers were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the New York Police Department, a municipal agency of the City of New York. All of the aforementioned named Defendant Police Officers are also being sued individually.

12) At all time relevant herein, all of the aforementioned named Defendant Police Officers were acting under color of the laws, statues, ordinances, regulations, policies, customs and usages of the State of New York, and the City of New York Police Department, and were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, the New York Police Department, and/or New York City Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. At all times relevant herein, all of the aforementioned named Defendants Police Officers were acting for and on behalf of the City of New York Police Department, with the power and authority vested in them as officers, agents, servants and employees of the City of New York Police Department, a municipal agency of the City of New York. The Defendant City of New York is liable for all the Causes of Action mentioned herein based on the principle of Respondeat Superior, as well as other principles articulated herein.

## PRELIMINARY FACTS

13) Plaintiff have complied with all conditions precedent to commencing this action and, in particular, on or about November 2, 2010, within ninety (90) days after the claim upon which this action is based, Plaintiff duly served upon the Defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-h of the New York State General Municipal Law.

14) More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the Defendants.

15) This action is being commenced within one (1) year and ninety (90) days after the happening of the event upon which this claim is based.

16) A 50-h hearing was conducted by the Defendants, on or about January 24, 2011.

## STATEMENT OF FACTS

17) Plaintiff, a lawful pedestrian, was assaulted and battered at the vicinity of Lenox Avenue between 143rd and 144th street at approximately 3:15 a.m., by the Defendants' misuse of their firearms by discharging said weapons at an innocent bystanders, Plaintiff, for which the Plaintiff, was struck multiple times about the body resulting in his hospitalization. Defendants, upon information and belief, alleged shots were fired they were fired upon, however, the Plaintiff was not a party to this alleged shooting.

18) Plaintiff was not engaged in any criminal activity when shot three (3) times which resulted in serious permanent and serious injuries nor was he ever with Angel Alvarez and/or Luis Soto, the alleged perpetrators of an alleged crime but rather a lawful pedestrian at the abovementioned location.

19) Upon being shot by the Defendants, Plaintiff crawled inside a community center whereupon Defendants entered thereafter and in response to Plaintiff's request for medical attention, was told to "Shut the fuck up and wait."

20) Upon information and belief the Defendants did not identify themselves, nor did the Defendants take any actions or precautions to protect the lawful pedestrians including Plaintiff prior to discharging their weapons.

21) The Defendants were malicious, reckless, negligent, and/or excessive in the unwarranted discharging of their weapons and violated police guidelines and protocols.

22) The Defendants failed to establish firearm control, failed to secure the area; failed to protect innocent civilians, including the Plaintiff and did not use the minimum necessary force.

23) The Defendants failed to employ nonlethal methods prior to discharging their weapons.

24) The Defendants discharged their weapons knowing or should have known that in doing so would unnecessarily endangered innocent people which included the Plaintiff.

25) Plaintiff was eventually transported to St. Luke's Hospital whereupon he was hospitalized and sustained permanent damage to his limbs and now has permanent nerve damage to his right leg.

26) All conduct of the Defendants herein was malicious, grossly negligent, unlawful, wanton, intentional, purposeful, reckless, negligent and/or careless.

27) The conduct and actions of the Defendant Police Officers in this case constituted a serious and material departure from establishment methods or Police conduct protocol, guidelines and procedure.

28) Plaintiff did not commit a crime, was not engaged in any unlawful activity, and was victim of the Defendants' grossly negligent, unlawful, wanton, intentional, purposeful, reckless, negligent, and/or careless conduct.

## FIRST CLAIM OF RELIEF
## 42 U.S.C. 1983

29) Plaintiff repeat and reallege every assertion contained in paragraphs "1" through "28" of this complaint with the same force and effect as if more fully and at length set forth herein.

30) By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, among other violations, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983 and/or 42 U.S.C. 1983.

31) The conduct and actions of the named Defendant Police Officers, and the Defendant City of New York, acting under color of law including but not limited to, the assault and battery of the Plaintiff. Defendants' conduct was grossly negligent, and displayed a reckless disregard for the natural and probable consequences of their acts and was done without lawful justification, designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., The Defendants conduct, deprived the Plaintiff of rights including, but not limited to, his rights under the First and Fourth Amendments guaranteeing against illegal search and seizure, life, liberty and due process pursuant to the Constitution and Plaintiff's substantive due process rights; and equal protection under the law, and the Eight Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

32) The Plaintiff Fourth Amendment rights were violated due to the unreasonable actions of the Defendants, in that the force used was unreasonable, excessive, and deadly and displayed a lack of care as well as a disregard for police protocol and guidelines. Moreover, said deadly force used constituted an unreasonable seizure of the Plaintiff's person.

33) By reason of the Constitutional violations by the Defendants, Plaintiff has been damaged as set forth above.

## SECOND CLAIM FOR RELIEF
## NEW YORK CONSTITUTION
## ART. I, 11

34) Plaintiff repeat reallege every assertion contained in paragraphs "1" through "33" of this complaint with the same force and effect as if more fully and at length set forth herein.

35) By the aforesaid acts, Defendants have violated Plaintiff's right to the equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to a cause of action pursuant to that Article.

36) The conduct and actions of the named Defendant Police Officers, and Defendant City of New York, acting under color of law, assaulting, battering, and the use of unnecessary and excessive force against Plaintiff, was done intentionally or negligently and/or with a reckless disregard for the natural probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiff's Constitutional rights as guaranteed under law and Constitution of the State of New York. The above described actions and omissions engaged in under color of state law by the named Police Officer Defendants, including Defendant City of New York, sued as a person within the meaning of Article I, 11 deprived the Plaintiff of rights, including but not limited to, his rights under Article I, 8, 9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against unlawful seizure of his person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 15 guaranteeing protection from cruel and unusual punishment.

37) By reason of the Constitutional violations by Defendants, Plaintiff has been damaged as set forth above.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF SUBSTANTIVE RIGHT TO DUE PROCESS

38) Plaintiff repeat and reallege every assertion contained in paragraphs "1" through "37" of this complaint with the same force and effect as if more fully and at length set forth herein.

39) The Plaintiff seeks redress for the Defendants violating his substantive rights to Due Process by the unwarranted, negligent, grossly negligent and/or intentional discharging of their weapons upon him, innocent bystanders. The Plaintiff a lawful bystander, was shot numerous times about the body, and thus hospitalized due to the Defendants misconduct. Plaintiff asserts his Substantive Due Process rights were violated including but not limited to the deprivation of life, liberty and the illegal seizure of his person. Moreover, the Defendants illegally searched the Plaintiff and took his personal belongings such as a cell phone, house keys, identification, as well as cloths for which the Defendants refused to return.

40) By reason of the tortuous conduct of Defendants, Plaintiff has been damaged and injured as set forth above.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

41) Plaintiff repeat and reallege every assertion contained in paragraphs "1" through "40" of this complaint with the same force and effect as if more fully and at length set forth herein.

   a. The above described injuries suffered by the Plaintiff is the proximate result of the negligence and/or grossly negligence of the Defendant New York City Police Department, in that the Defendant City of New York and the New York City Police Department failed to exercise reasonable care in the hiring, employment, supervision and training of it employees.

   b. The above described injuries suffered by the Plaintiff is the proximate result of the negligence and/or grossly negligence of the Defendant New York City Police Department in that the defendant City of New York and the New York City Police Department failed to properly train Police Officers, as to police protocol, procedures and guidelines as to the use of firearms.

42) The Defendant City of New York and the New York Police Department had, or should have had; knowledge of the vicious, violent tendencies of its employees, as well as the fact said employees were not properly trained, including all of the named Police Officer Defendants.

43) Defendant City of New York, and the New York Police Department knew or should have known of the unlawful and improper actions of the named Police Officer Defendants, through actual and constructive notice, of their unlawful activities and misconduct, including but not limited to those allegations as set forth in the preceding paragraphs above. Defendants City of New York, and New York Police Department failed to exercise reasonable care by retaining and not terminating the employment of the named Police Officer Defendants or taking other appropriate action. The occurrences complained of herein were due to the negligence and recklessness of the Defendant City of New York and the New York Police Department.

44) By reason of the tortuous conduct of Defendants, Plaintiff has been damaged and injured as set forth above.

## FIFTH CLAIM FOR RELIEF
## PRIMA FACIE TORT

45) Plaintiff repeat and reallege every assertion contained in paragraphs "1" through "44" of this complaint with the same force and effect as if more fully and at length set forth herein.

46) In maliciously, gross negligently, negligently and recklessly shooting into a crowd of lawful pedestrians without regard to their actions whether said actions were grossly negligent, negligently and/or malicious. Moreover, the Defendants failed to adhere to police protocol prior as to discharging their weapons. Therefore, as a result of the abovementioned conduct, the Plaintiff was struck three times about the body for which he suffered serious physical injury to his legs and arm. Said injuries are permanent.

47) By reason of the tortuous conduct of Defendants, Plaintiff has been damaged and injured as set forth above.

48) For all claims under New York State Law, Defendants are jointly and severally liable to the Plaintiff inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 5, 7 and 11 of the Civil Practice Law and Rules.

## SIXTH CLAIM FOR RELIEF
## ASSAULT

49) Plaintiff repeat and reallege every assertion contained in paragraphs "1" through "48" of this complaint with the same force and effect as if more fully and at length set forth herein.

50) By the aforesaid acts, Defendants have caused physical harm and injury upon the person of the Plaintiff named in the compliant herein. Defendants acted willfully, unlawfully, intentionally, maliciously, recklessly, unjustifiably, negligently and/or grossly negligently, in the use of excessive force upon the Plaintiff person, through the violent reckless, unwarranted use of their weapons and the discharge thereof. As a result of the defendants malicious, intentional, reckless and/or grossly negligent, negligent actions caused serve injury to the Plaintiff as stated within this complaint herein.

51) By reason of the tortuous conduct of Defendants, Plaintiff has been damaged as set forth above.

## SEVENTH CLAIM FOR RELIEF
## BATTERY

52) Plaintiff repeat and reallege every assertion contained in paragraphs "1" through "51" of this complaint with the same force and effect as if more fully and at length set forth herein.

53) By the aforesaid acts, Defendants have caused physical harm and injury upon the person(s) the Plaintiff named in the compliant herein. Defendants acted willfully, unlawfully, intentionally, maliciously, recklessly, unjustifiably, negligently, in the use of excessive force upon the Plaintiff person, through the violent reckless, unwarranted use of their weapons and the discharge thereof. As a result of the defendants malicious and/or grossly negligent actions caused serve injury to the Plaintiff as stated within this complaint herein.

53) By reason of the tortuous conduct of Defendants, Plaintiff has been damaged as set forth above.

## EIGHT CLAIM FOR RELIEF
## ABUSE OF POWER/AUTHORITY

54) Plaintiff repeat and reallege every assertion contained in paragraphs "1" through "53" of this complaint with the same force and effect as if more fully and at length set forth herein.

55) By the aforesaid acts, Defendants have caused physical harm and injury upon the person of the Plaintiff named in the compliant herein. Defendants abused their power and authority not only by their actions as stated in this compliant but also by refusing the Plaintiff immediate medical treatment by stating to the Plaintiff in response for medical attention "Shut the fuck up and wait."

54) By reason of the tortuous conduct of Defendants, Plaintiff has been damaged as set forth above.

## MONELL CLAIM

55) Plaintiff repeat and reallege every assertion contained in paragraphs "1" through "54" of this complaint with the same force and effect as if more fully and at length set forth herein.

56) At all time material to this complaint, the Defendant City of New York, acting through the New York Police Department, had in effect de facto policies, practices and customs that were a direct and proximate cause of the unconstitutional conduct of Defendants. These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control Police Officers

who are repeatedly accused of such acts; and, the Police Code Silence wherein Police Officers regularly cover-up police misconduct such as racial profiling, the unjustified use of force, deadly force, failure to use proper protocol and police procedures and tactics, like telling false and incomplete stories, or failing to report the misconduct and unjustified force and tactics by other Police Officers during their course of employment.

57) Additionally, Defendants allowed the named Defendants and other officers to participate in racial profiling as to people of color, in particular African-American and Latino males, such as illegally detaining, battering, arresting and assaulting African-American and Latino males with no regard to any disciplinary actions and then falsifying, fabricating evidence to cover-up their misconduct. Moreover, the Defendants have not rectified and/or address the consistent disproportionate use of deadly force and the use and the discharging of firearms against people of color.

58) While the tolerance for brutality and racial profiling arises from the same set of police attitudes as the tolerance for corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore and resent, officers seem fairly tolerant—both outwardly and inwardly—of occasional police brutality and the use of racial profiling...[M]any do not seem to believe that anything is really wrong with a few blows and bruises now and then. Even officers, who would never take a free cup of coffee, seem to tolerate what they believe is a little "street justice." An excessive use of force, fists to face, a nightstick to the ribs, and knees to groin are seen as the realities of policing. Upon information and belief, this mentality is extended to racial profiling and the blatant disregard of how people of color are treated such as firing a weapon maliciously, recklessly and/or negligently at them, (African-Americans and Latinos).

59) The Defendant City of New York and the New York Police Department had or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named Police Officer Defendants.

60) The Defendant City of New York knew or should have known of the unlawful actions of all of the named Police Officer Defendants through actual and constructive notice of their unlawful activities, including but not limited to, those allegations as set forth in paragraphs "1" through "54" above.

61) Defendant the City of New York failed to exercise reasonable care by retaining and not terminating the employment of all said named Police Officer Defendants or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the Defendant the City of New York, County of New York.

62) Upon information and belief, the Defendant the City of New York and New York Police Department have failed to effectively screen, hire, train, supervise, and discipline their Police Officers, including all of the named Defendant Police Officers, for their propensity for misconduct, including lack of truthfulness, the misuse of firearm as well as other

police equipment and for their failure to protect citizens, from unconstitutional conduct of other Police Officers, thereby permitting and allowing the named Police Officer Defendants herein to be in a position to unjustifiably assault, batter, manufacture evidence, arrest, restrain and assault the Plaintiff and to otherwise cause them injury and violate their state and federal constitutional rights.

63) Upon information and belief, all of the named Police Officer Defendants have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the City of New York that all of the named Police Officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiff herein.

64) Upon information and belief, the Defendant City of New York and the New York Police Department, maintained an inadequate structure for risk containment and stress management relevant to its Police Officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time selection of Police Officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual Police Officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit Police Officers to function at levels of significant and substantial risk to the public.

65) As a result of the foregoing conscious policies, practices, customs and /or usages, Defendant City of New York and the New York Police Department, have permitted and allowed the employment and retention of individuals as Police Officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent and fraudulent behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the injuries to Plaintiff herein.

66) As a result and proximate result of the City of New York's wrongful policies, practices customs and/or usages complained of herein, Plaintiff has suffered severe physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

67) Defendant City of New York is additionally liable under the legal principle of Respondent Superior, in that all of the named Police Officer Defendants were on duty and were acting in the course and scope of their duties and employment as a City of New York Police Officer during the assault and battery upon Plaintiff Cedric Simmons.

**WHEREFORE**, Plaintiff Cedric Simmons, respectfully request judgment upon all causes of action against Defendants as follows:

1. With respect to Defendant The City of New York; and New York Police Department

   (a) Declaratory judgment declaring that Defendant City of New York and New York Police Department has violated the aforesaid statues and constitutions.

   (b) Restitution to Plaintiff of their rights, privileges, benefits and income which would have been received by him but for the Defendants unlawful, wrongful, tortuous, and unconstitutional conduct;

   (c) Compensatory damages in an amount to be determined by the court and jury;

   (d) Punitive damages in the amount to be determined by the court and jury

   (e) Reasonable attorney's fees, disbursements and costs of this action, pursuant to U.S.C. Section 1988;

   (f) All legal and statutory interest on sums awarded

   (g) Such other and further relief as this honorable court may deem just, proper and equitable

2. With respect to each Police Officer Defendants;

   (a) Declaratory judgment declaring that the Defendants have violated the aforesaid statues and constitutions;

   (b) Restitution to Plaintiff of his rights, privileges, benefits and income which would have been received by them but for Defendants' unlawful, wrongful, tortuous, and unconstitutional conduct.

   (c) Compensatory damages in an amount to be determined by the court and jury;

   (d) Punitive damages in an amount to be determined by the court and jury;

   (e) Reasonable attorney's fees, disbursements, and costs of this action, pursuant to 42 U.S.C. Section 1988;

   (f) All legal and statutory interest on sums awarded.

Dated: New York, New York
   June 15, 2011

*[signature]*

Emdin & Russell, LLP.
Royce Russell, Esq.
Attorneys for Plaintiffs
286 Madison Avenue Ste 2002
New York, New York 10017
(212) 683-3995

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the law firm of Emdin & Russell, LLP., the attorneys of record for the Plaintiffs in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiffs is that the Plaintiffs do not reside in the County where the undersigned maintains an office.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
       June 15, 2011

By: Royce Russell, Esq.

## **VERIFICATION**

I, Cedric Simmons, being duly sworn depose and say: I am the Plaintiff in the within the action, I have read the foregoing Verified Complaint and know the contents hereof; the same is true to my own knowledge.

*Cedric Simmons*
Cedric Simmons, Plaintiff

Sworn to before me this
____ day of July, 2011

ROYCE RUSSELL, ESQ
Notary Public, State of New York
No. 02RU6074667
Qualified in New York County
Commissioned Expires 5/20/20

Notary Public

8/8/14